EDWARD GOETZ, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goetz v. Commissioner
Docket No. 9493-77.
United States Tax Court
T.C. Memo 1978-365; 1978 Tax Ct. Memo LEXIS 151; 37 T.C.M. (CCH) 1510; T.C.M. (RIA) 78365; September 13, 1978, Filed Edward Goetz, Jr., pro se. Richard W. Kennedy, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court *152 Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: The respondent determined a deficiency in the petitioner's Federal income tax for the year 1975 in the amount of $ 24 and an excise tax deficiency in the amount of $ 67.65 for excess contributions to his individual retirement account. The petitioner has conceded liability for the deficiency of $ 24 in income tax. This leaves for decision, then, only the question of whether the petitioner is liable for excise tax in the amount of $ 67.65 under section 4973(a) for excess contributions to his individual retirement account. The petitioner filed a timely Federal income tax return for the taxable year 1975. At the time the petition in this case was filed, he resided *153 at 524 Avenue C, Redondo Beach, California. For the year 1975, the petitioner received wages in the amount of $ 2,483.81 and interest income in the amount of $ 1,011.56, or a total of $ 3,495.37. In 1975, the petitioner set up and contributed $ 1,500 to an individual retirement account (IRA account). In filing his tax return for that year, the petitioner claimed $ 524.31 ($ 3,495.37 X 15%) as an "allowable deduction" under section 219(b). The petitioner has since conceded that the allowable deduction was in the amount of $ 372.57 ($ 2,483.81 X 15%) and has conceded liability for income tax in the amount of $ 24, as stated above, attributable to the excess deduction. It has also been stipulated that the difference between the petitioner's contribution of $ 1,500 to the IRA account and the allowable deduction of $ 372.57 is an excess contribution of $ 1,127.43. The respondent determined an excise tax under section 4973(a) in the amount of $ 67.65 on this excess contribution. The petitioner contends that he is not liable for the excise tax sought to be imposed by the respondent. Apparently, the petitioner does not contend that there was not an excess contribution or that the *154 six percent excise tax on the amount thereof is not due. He simply contends that he should not have to pay the tax, because there was an error in setting up the account in the maximum amount of $ 1,500, and that this was caused by incompetent and erroneous advice received from the American Savings and Loan Association, the banking institution at which the account was established. It is his contention that, since the root of the error lies in the banking instituion, the excise tax liability should be borne by it and not by him. In his memorandum brief, he argues that his savings counselor wrongfully advised him to contribute the maximum amount to his IRA account, without verifying his statement of annual income. He states that "it is clear that she was unfamiliar and inexperienced and probably negligent in preparing [this] transaction." He concludes that the American Savings and Loan Association made a mistake, is the party at fault, and is, therefore, responsible for the payment of the $ 67.65 in excise tax. Section 4973(a) provides that the excise tax imposed by that subsection on excess contributions "shall be paid by the individual to whom a deduction is allowed for the *155 taxable year under section 219." Since the deduction was allowed to petitioner, it seems clear that the tax imposed on the excess contribution is required to be paid by him. Considering all the evidence in this case, we conclude that the excess contribution in question was inadvertently made, as opposed to being deliberate, in that it was probably due to a mistake, either on the part of the petitioner or on the part of his financial advisor. However, under the statute, this makes no difference. As pointed out by the Court in Orzechowski v. Commissioner,69 T.C. 750 (1978), in deciding how to discourage excess contributions to IRA accounts, the Congress considered several alternatives, one of which was to draw a distinction between excess contributions inadvertently made and those willfully made. However, it rejected this approach and, instead, adopted the rule now stated in the statute, under which there is no distinction between excess contributions willfully made and those inadvertently made. The six percent excise tax applies to the excess contribution in either case. And, we have no power to shift the burden of the tax from the person upon whom it is placed *156 by the statute to someone else. Therefore, we conclude that the determination of the respondent must be sustained. * * *
In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.